IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60219
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEWIS H. ALTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:98-CR-127-ALL-D

_____

October 5, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:*

Lewis H. Alton appeals his bench trial conviction for willful failure to pay a past due child support obligation. We find the district court's holding that Alton's failure to pay child support was "willful" is supported by sufficient evidence. See United States v. Mathes, 151 F.3d 251, 253 (5th Cir. 1998), cert. denied, 119 S.Ct. 628 (1998). The evidence, viewed in the light most favorable to the verdict, shows that Alton chose to withhold child support because of frustration with his inability to modify his

_____

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

visitation rights.  The evidence further shows that Alton had sufficient income to fulfill his support obligation.

We also hold that the district court did not err in failing to credit a "gift" of a Jeep Wrangler against the child support arrearage.  The vehicle's title remained in Alton's name; Alton counted it as an asset; the vehicle was not purchased during the relevant years for which Alton was convicted of nonpayment; and there was no agreement--formal or informal--that the purchase of the vehicle would modify the state child support judgment.  <u>See</u> <u>United States v. Bailey</u>, 115 F.3d 1222, 1232 (5th Cir. 1997), <u>cert. denied</u>, 118 S.Ct. 866 (1998).

A F F I R M E D.